UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DAVON ROWAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Cause No: 3:21-CV-149-DJH |
| | ) |
| CITIZENS FINANCIAL, | ) |
| CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Davon Rowan ("Rowan" or "Plaintiff"), by counsel, brings this action against Defendant, Citizens Financial, Corporation ("Defendant"), alleging violations of Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.* and the Kentucky Civil Rights Act ("KCRA").

**II. PARTIES**

2. Rowan is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action, resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4.  Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §2000e-5(f)(3).

5.  Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and KRS 334.030(2).

6.  Rowan was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and KRS 344.030(5).

7.  Rowan has satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her race and retaliation for engaging in a protected activity.

8.  A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9.  In or around March 2018, Rowan, African American, began working for Defendant as a temporary employee and became a full-time employee in or around July 2018. Rowan worked in Accounts Receivable.

10. As of March 2019, she reported to Charlene Jones, Billing Manager. At the time Jones took over as Billing Manager, six of the approximately 20 members of the team were African-American.

11.     At all relevant times, Rowan met or exceeded Defendant's legitimate performance expectations.

12.     Nevertheless, on or about July 12, 2019, Defendant terminated Rowan's employment for an alleged HIPAA violation. Specifically, Defendant alleged that Rowan had brought client information home with her; however, Rowan and others were authorized to work from home. Defendant's stated reason is pretext for race discrimination and retaliation.

13.     In fact, approximately two weeks before her termination, Rowan engaged in protected activity when she complained that she and other African American employees were being treated being treated less favorably. Prior to complaining of race discrimination, Rowan was never disciplined or made aware of any performance issues. Immediately following her complaint, however, she began being disciplined.

14.     Similarly situated employees who engaged in similar behavior were neither disciplined nor terminated.

15.     After Rowan's discharge, only two of the 20 members of the team were African American.

16.     Following her termination, Defendant continued to retaliate against Rowan by interfering with a potential job opportunity. Rowan interviewed with Farm Credit Mid-America ("Farm Credit") in or around July 2019 and was informed shortly thereafter that she was not being considered for the role due to Defendant's comments regarding her employment with them. Specifically, Farm Credit was informed that

should they hire Rowan, they should expect problems; a reference to her complaining of race discrimination.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII - RACE DISCRIMINATION

17. Rowan hereby incorporates paragraphs one (1) through sixteen (16) of her Complaint.

18. Rowan is a member of a protected class based to her race.

19. At all relevant times, Rowan met or exceeded Defendant's legitimate performance expectations. Evidenced by her positive performance reviews prior to her engagement in a protected activity.

20. Rowan suffered an adverse employment action with the termination of her employment.

21. Similarly situated employees, outside of her protected class, were treated more favorably than her.

22. Defendant discriminated against Rowan by hold her to different standards due to her race and terminating her employment.

23. Defendant's actions are unlawful and in direct conflict with Rowan's rights as protected by Title VII of the Civil Rights Act.

24. Rowan has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII - RETALIATION

25. Rowan hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26. Rowan engaged in a protected activity in or around July 2019 when she complained that she and other members of her protected class were being held to a different standard due to their race.

27. Rowan's complaint is a protected activity in accordance with Title VII of the Civil Rights Act of 1964.

28. Rowan suffered an adverse employment action with the termination of her employment and impeded her attempt for future employment following Defendant's unlawful termination of her employment.

29. Defendant's actions are unlawful and in direct conflict with Rowan's rights as protected by Title VII of the Civil Rights Act.

30. Rowan has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: KCRA - RACE DISCRIMINATION

31. Rowan hereby incorporates paragraphs one (1) through thirty (30) of her Complaint.

32. Rowan is a member of a protected class based to her race.

33. At all relevant times, Rowan met or exceeded Defendant's legitimate performance expectations. Evidenced by her positive performance reviews prior to her engagement in a protected activity.

34. Rowan suffered an adverse employment action with the termination of her employment.

35. Similarly situated employees, outside of her protected class, were treated more favorably than her.

36. Defendant discriminated against Rowan by hold her to different standards due to her race and terminating her employment.

37. Defendant's actions are unlawful and in direct conflict with Rowan's rights as protected by KCRA.

38. Rowan has suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: KCRA - RETALIATION

39. Rowan hereby incorporates paragraphs one (1) through thirty-eight (38) of her Complaint.

40. Rowan engaged in a protected activity in or around July 2019 when she complained to Defendant that she felt that she and other members of her protected class were being held to a different standard due to their race.

41. Rowan's complaint is a protected activity in accordance with the KCRA.

42. Rowan suffered an adverse employment action with the termination of her employment and impeded her attempt for future employment following Defendant's unlawful termination of her employment.

43. Defendant's actions are unlawful and in direct conflict with Rowan's rights as protected by the KCRA.

44. Rowan has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Davon Rowan, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Enjoin Defendant from discriminating and/or retaliating against anyone on the basis of their race and/or engagement in a protected activity;

4. Award compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for Defendant's violations of Title VII and the KCRA;

6. Award Plaintiff punitive damages for Defendant's violations of Title VII and the KCRA;

7. Award the Plaintiff her attorney's fees, litigation expenses, and costs incurred as a result of this action;

8. Award Plaintiff pre- and post-judgement interest on all sums recoverable; and

9. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych*_____
Andrew Dutkanych
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991.4765
Facsimile:     (812) 424.1005
Email:           ad@bdlegal.com
*Counsel for Plaintiff, Davon Rowan*

### DEMAND FOR JURY TRIAL

Plaintiff, Davon Rowan, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych*_____
Andrew Dutkanych
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991.4765
Facsimile:     (812) 424.1005
Email:           ad@bdlegal.com
*Counsel for Plaintiff, Davon Rowan*